UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Richard Coleman</u>

   v.                                         Civil No. 11-cv-046-SM

<u>James Zaccari et al.</u>

**<u>O R D E R</u>**

Before the court is pro se plaintiff Richard Coleman's motion (doc. no. 4), seeking reconsideration of a protective order (doc. no. 3), prohibiting remote electronic access to Exhibit A to the Complaint (doc. no. 1-1). The court issued that order, pursuant to Fed. R. Civ. P. 5.2(e), to prevent nonparties from accessing the document over the Internet, because the exhibit at issue, a booking record for a third party, Chris Manuel Mira, includes Mira's birthdate. <u>See</u> Fed. R. Civ. P. 5.2(a) (unless the court orders otherwise or document at issue is otherwise exempt from redaction requirement, parties must redact certain personal identifiers from documents filed in court).

Fed. R. Civ. P. 5.2(a) generally requires a person filing a document to redact certain personal information from that document including, for example, another person's birthdate,

leaving only the year of birth in the document.  The purpose of that rule is to protect the privacy of individuals given the public availability of documents filed electronically.  See id. 2007 advisory committee's note.  The rule implements a policy that documents "generally should be made available electronically to the same extent that they are available at the courthouse, provided that certain 'personal data identifiers,' are not included in the public file."  Id.

   Coleman has asserted that the court should not restrict remote access to the document at issue because it is already in the public domain.  Coleman asserts that he obtained it over the Internet from Hillsborough County (Florida) public records, specifically, from county court records.  The document bears a website address for the Hillsborough County (Florida) Sheriff's Office ("HCSO"), http://www.hcso.tampa.fl.us.  This court confirmed that the information at issue is in the public domain by accessing essentially the same document (including the birthdate) from the HCSO website, using the booking number contained in the exhibit to track records.  See Gent v. CUNA Mut. Ins. Soc'y, 611 F.3d 79, 84 n.5 (1st Cir. 2010) (court may take judicial notice of facts stated in official government website that are not reasonably in dispute).  The document did

not appear to come from any state court records, given the website address printed on the document.

There is no exemption to the redaction requirement in Fed. R. Civ. P. 5.2 for booking records that are not also included in the official records of an "administrative or agency proceeding" or in any other public court docket.  Fed. R. Civ. P. 5.2(b) (listing exemptions from redaction requirement).  Notably, it is the booking number coupled with the url for the Sheriff's Office, both visible on the exhibit (doc. no. 1-1), that together provide easy remote access to Mira's birthdate.  By limiting remote electronic access to this exhibit, the court provides a degree of security to Mira's personal identifiers.

The court concludes, therefore, that the policy of preserving public access to the court's records, while protecting the privacy and security of certain personal identifiers, is given full effect through the order at issue. Coleman has not demonstrated that the order at issue causes him prejudice, given that he is a party and could seek access to the document by contacting the clerk's office.  Because Coleman has not demonstrated that the order was based on any error of law or fact, the court denies the motion to reconsider it (doc. no. 4).

## Conclusion

For the foregoing reasons, Coleman's motion to reconsider (doc. no. 4) is DENIED.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

June 30, 2011

cc:  Richard Coleman, pro se

LBM:nmd