UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Richard Coleman

    v.                                    Civil No. 11-cv-046-SM

James Zaccari et al.


## REPORT AND RECOMMENDATION


Before the court is Richard Coleman's complaint, with attached exhibits (doc. no. 1). Because Coleman is proceeding both pro se and in forma pauperis, the matter is before the court for preliminary review. See 28 U.S.C. § 1915(e)(2); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1).


## Standard of Review

Under this court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge conducts a preliminary review. LR 4.3(d)(1). The magistrate judge may issue a report and recommendation after the initial review, recommending that claims be dismissed if the court lacks subject matter jurisdiction, the defendant is immune from the relief sought, the complaint fails to state a claim upon which

relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See id. (citing 28 U.S.C. § 1915(e)(2) & Fed. R. Civ. P. 12(b)(1)).

To determine if a pro se complaint states any claim upon which relief could be granted, the court liberally construes the pleadings, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Castro v. United States, 540 U.S. 375, 381 (2003), and then applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6).  The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  See Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks and alterations omitted).  A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed.  Id.  The second part of the test requires the court

to credit as true all non-conclusory factual allegations and the
reasonable inferences drawn from those allegations, and then to
determine if the claim is plausible.  Id.  The plausibility
requirement "simply calls for enough fact to raise a reasonable
expectation that discovery will reveal evidence" of illegal
conduct.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).
The "make-or-break standard" is that those allegations and
inferences, taken as true, "must state a plausible, not a merely
conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of
Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at
555-56 ("Factual allegations must be enough to raise a right to
relief above the speculative level, on the assumption that all
the allegations in the complaint are true (even if doubtful in
fact)." (citations and footnote omitted)).

    Evaluating the plausibility of a claim is a "context-
specific task that requires the reviewing court to draw on its
judicial experience and common sense."  Iqbal, 129 S. Ct. at
1950 (citation omitted).  In doing so, the court may not
disregard properly pleaded factual allegations or "attempt to
forecast a plaintiff's likelihood of success on the merits."
Ocasio-Hernández, 640 F.3d at 13.  "The relevant inquiry focuses
on the reasonableness of the inference of liability that the

3

plaintiff is asking the court to draw from the facts alleged in the complaint."  Id.

### Background

The claims here arise out of events occurring in a Florida court proceeding, in which Coleman sued defendant James Zacarri and a non-profit Florida corporation known as Florida Group Residential Homes, Inc. ("FGRH"), for wrongful termination and fraud ("Florida action").  Defendants in the case at bar are: James Zaccari; Zaccari's Florida attorney, Glenn Lansky; and Florida state court Judges Kevin Carey and Bernard Silver, who presided in the Florida action.  At the time the complaint here was filed, the Florida action remained pending in the Hillsborough County Circuit Court in Florida.

The asserted factual underpinnings of both the Florida action and the case before this court are as follows.  In November 2001, Zacarri and a person named "Manny" interviewed Coleman for a job directing FGRH, a Florida non-profit providing residential care for children, and Coleman accepted the job offer.  The business began to have financial problems and difficulties with regulators and neighbors, which Coleman attributed to Zacarri's mismanagement.  Coleman later learned

that Manny had been convicted of larceny and was disqualified from association with group homes in Florida.  After Coleman raised concerns, on December 5, 2002, Zaccari fired Coleman. Coleman has alleged that Zacarri thereafter failed to pay Coleman certain amounts due.

One year later, on December 23, 2003, Coleman filed the Florida action in a Florida state court against FGRH; its Board; each Board member individually; and Zacarri individually and in his capacity as corporate director.  Attorney Lansky appeared as counsel for Zacarri.  Coleman relied upon that counsel's assertion that he was not appearing as counsel for the business, and sought an order entering a default judgment against those defendants that had not appeared, including Zacarri in his capacity as director.  Judge Gomez entered a default judgment against those parties.

In response to the default judgment, Attorney Lansky provided the court with a proposed "corrected" order, deleting any reference to Zacarri.  Thereafter, Judge Gomez vacated the prior order and substituted a corrected order of default, which did not render Zacarri, in any capacity, liable to Coleman. Judge Gomez thereafter denied a series of motions filed by

Coleman to reinstate the default judgment against Zacarri, in his capacity as director.

Coleman filed a judicial conduct complaint in Florida against Judge Gomez.  Thereafter, the Florida action was reassigned to a series of judges including defendant Judges Carey and Silver.  Judge Carey issued an order of dismissal of the action without prejudice in August 2008 when Coleman failed to appear at a status conference.  Coleman had been uncertain whether he had succeeded in obtaining counsel prior to that conference, and had notified a different Florida judge who he thought was still assigned to the case that he would be available to appear at that status conference by telephone if a lawyer failed to appear on his behalf.  Coleman received notice that Judge Carey had dismissed the case in December 2008, several months after the order had been issued.  Judge Silver issued a ruling thereafter denying Coleman's motion for relief from the judgment of dismissal.  It appears that at some point, the case may have been reopened, as Coleman asserted in the complaint that he filed a motion that remains pending in the Florida action.

Coleman considers the rulings issued by the defendant judges to be error, retaliatory for Coleman's judicial conduct

complaint against Judge Gomez, and also the product of fraud and

a fraudulent conspiracy among those judges, Zacarri, and

Attorney Lansky, with the purpose of that conspiracy being to

cause the default judgment against Zacarri to "disappear."

Compl. (doc. no. 1) at 4.  Additionally, Coleman asserts that

Judge Silver's demeanor was hostile, belligerent, and demeaning

towards Coleman, but solicitous, generous, and favorable towards

Attorney Lansky.  The claims in this case are asserted under 42

U.S.C. § 1983 and the common law, as explained more fully below.[1]


**Discussion**

I.   Eleventh Amendment

Claims for damages cannot be maintained in federal court

against unconsenting states and their agencies and officers,

absent Congressional abrogation of the State's sovereign

immunity.  See Fantini v. Salem State Coll., 557 F.3d 22, 33

(1st Cir. 2009); see also P.R. Aqueduct & Sewer Auth. v. Metcalf

& Eddy, Inc., 506 U.S. 139, 146 (1993).  The Florida judges

---

[1]The identification of claims herein will be considered to
be the claims raised in the complaint (doc. no. 1) for all
purposes in this case.  If Coleman disagrees with this
identification of the claims, he must timely file an objection
to this report and recommendation or properly move to amend the
complaint.

named in the complaint are state officers.  Neither a waiver of

sovereign immunity nor any Congressional abrogation of that

immunity exists as to the claims asserted here based on state

law and 42 U.S.C. § 1983.  See Badillo v. Thorpe, 158 F. App'x

208, 212-13 (11th Cir. 2005) (Eleventh Amendment bars claims

asserted against judges of Florida circuit court).  Accordingly,

the Court should dismiss the claims for damages asserted under

section 1983 and state law against Judges Carey and Silver in

their official capacities.


II.  Judges Carey and Silver

Absolute judicial immunity protects judges from "civil

liability for any normal and routine judicial act," except those

taken in the "clear absence of all jurisdiction."  Cok v.

Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (citing Stump v.

Sparkman, 435 U.S. 349, 357 (1978)).  "This immunity applies no

matter how erroneous the act may have been, how injurious its

consequences, how informal the proceeding, or how malicious the

motive."  Cok, 876 F.2d at 2.  Judges are likewise immune from

suit for claims that the judge's act was the product of a

corrupt conspiracy involving other parties or lawyers.  See id.

at 3; see also Dennis v. Sparks, 449 U.S. 24, 27-29 (1980).

8

The Florida court at issue, the Circuit Court in Hillsborough County, is a court of general jurisdiction. See Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 895 (Fla. 2003). The cited acts include the judges' decisions to withhold issuing orders on certain pending motions, the judges' courtroom demeanor, and the judges' allegedly erroneous rulings on certain issues. Those acts and decisions constitute routine judicial acts, issued within the scope of the court's jurisdiction over the case pending in state court. Whether or not the cited acts and decisions may manifest bias, error, or an abuse of discretion, none of the cited acts exceeded the court's jurisdiction over the case. See Cok, 876 F.2d at 2. As judges are absolutely immune from claims for damages arising from such judicial acts, the claims against Judges Carey and Silver should be dismissed.

III. Section 1983 Claims against Private Parties

The United States Constitution "erects no shield against merely private conduct, however . . . wrongful." Blum v. Yarketsky, 457 U.S. 991, 1002 (1981). Under 42 U.S.C. § 1983, a person alleging that a state actor has violated his or her federal rights has a cause of action for damages. A private

person can be held susceptible to suit under section 1983 in
only three circumstances:  (1) if there is an elaborate
financial or regulatory nexus between the private person and the
government, compelling the private person's conduct; (2) if the
private person has assumed a traditionally public function; or
(3) if the government and the private person are involved in a
symbiotic relationship involving the sharing of profits.  See
Brown v. Newberger, 291 F.3d 89, 93 (1st Cir. 2002); see also
Blum, 457 U.S. at 1004.

    Attorney Lansky and Zacarri are private persons, not state
actors.  Coleman alleges that they are liable under section
1983, however, because they acted in concert with the defendant
judges.  Coleman's allegations of joint action with the judges
rest upon speculative, conclusory allegations of fraud and a
conspiracy that led the judges to delay forwarding an order to
him, and to rule against him.

    Although "pro se complaints are to be read generously,
allegations of conspiracy must nevertheless be supported by
material facts, not merely conclusory statements."  Slotnick v.
Garfinkle, 632 F.2d 163, 165 (1st Cir. 1980) (per curiam)
(citation omitted); see also Iqbal, ___ U.S. at ___, 129 S. Ct.
at 1951 (conclusory nature of allegations not entitled to

presumption of truth).  Stripped of the conclusory charges of
fraud and a conspiracy between judges, an attorney, and a
litigant, Coleman's complaint lacks sufficient allegations to
state any plausible claim against a private party under section
1983.  Accordingly, Coleman has failed to state a cognizable
section 1983 claim against Attorney Lansky and Zacarri, and
those claims should be dismissed.


IV.   State Law Claims

     The remaining claims in this case are asserted against
Attorney Lansky and Zacarri under state law theories of fraud
and a conspiracy.  This court has subject matter jurisdiction
over such state law claims, pursuant to 28 U.S.C. § 1332,
because the parties are residents of different states and the
amount in controversy exceeds $75,000.

     Coleman has not specified whether the claims at issue are
asserted under Florida law or New Hampshire law.  This court
need not resolve that issue, as the pertinent law is the same in
both states.  To prevail on a fraud claim under New Hampshire
law, a plaintiff must show that the other party "made a
representation with knowledge of its falsity or with conscious
indifference to its truth with the intention to cause another to

rely on it," and that the plaintiff suffered pecuniary loss due
to his justifiable reliance upon that misrepresentation.
Snierson v. Scruton, 145 N.H. 73, 77, 761 A.2d 1046, 1049
(2000); Gray v. First NH Banks, 138 N.H. 279, 283, 640 A.2d 276,
279 (1994).  Florida law is similar.  See Simon v. Celebration
Co., 883 So. 2d 826, 832 (Fla. App. 2004) ("to allege a viable
cause of action for fraudulent inducement a plaintiff must
allege that (1) the defendant made a false statement regarding a
material fact; (2) the defendant knew that the statement was
false when he made it or made the statement knowing he was
without knowledge of its truth or falsity; (3) the defendant
intended that the plaintiff rely and act on the false statement
to his detriment; and (4) the plaintiff justifiably relied on
the false statement to his detriment"); Natarajan v. Paul Revere
Life Ins. Co., 720 F. Supp. 2d 1321, 1329 (M.D. Fla. 2010)
("actual damages are an element of an action for fraud in
Florida" (citing cases)).

     When averring fraud in a complaint, "a party must state
with particularity the circumstances constituting fraud,"
although "[m]alice, intent, knowledge, and other conditions of a
person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).
In the complaint, Coleman has asserted that, prior to Coleman's

12

seeking a default judgment against Zacarri, Attorney Lansky had

asserted that he was representing Zacarri only in his individual

capacity.  Coleman relied upon that representation, which he

alleges was false, in seeking a default judgment against Zacarri

in his capacity as a director.  Coleman also cites as fraudulent

Attorney Lanksy's acting as Zaccari's agent, in filing motions,

proposed orders, and otherwise causing the judges to issue

allegedly erroneous rulings and to delay issuing final orders on

pending motions, such that Coleman was unable to file a prompt

appeal of the matter in the state court system in Florida.

Coleman has asserted that the purpose of the allegedly

fraudulent acts was to cause Coleman's default judgment against

Zacarri to "disappear" and for a prompt appeal of the order on

his motion for a default judgment to be unavailable.  See Compl.

at 7.

Stripped of the conclusory allegations of fraud between

opposing counsel, that counsel's client, and two state court

judges presiding in that case, Coleman's complaint fails to

state a viable state law claim against these defendants under

either New Hampshire or Florida law.  Coleman has failed to show

that Attorney Lansky, acting as Zaccari's counsel, made any

materially false statement that was intended to induce Coleman's

reliance or which proximately caused Coleman to incur pecuniary
losses.  Coleman has asserted that his losses include the value
of the default judgment that he had expected to obtain against
Zaccari in his capacity as director of Florida Group Homes, as
well the costs Coleman incurred in litigating the issues in that
case and the "emotional distress/financial ruin" he suffered
when he could not use the value of the default judgment.
Coleman's failure to secure a hoped for default judgment against
a defendant is too speculative a loss to be actionable, and the
emotional distress and financial ruin he allegedly suffered
because he could not use that judgment are too remote to be
traceable to defendants' conduct.  Coleman's conduct in
continuing to incur costs in litigating the state court case and
in attempting to appeal issues therein cannot be characterized
as proximately caused by any materially false statement.
Accordingly, the court should dismiss the state law claims
asserted in the complaint (doc. no. 1), as Coleman has failed to
state any claim upon which relief can be granted.


## Conclusion

    For the foregoing reasons, the court should dismiss all
claims asserted in this case.  Any objections to this report and

recommendation must be filed within fourteen (14) days of

receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure

to file objections within the specified time waives the right to

appeal the district court's order. See Sch. Union No. 37 v.

United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United

States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).


_____
Landya McCafferty
United States Magistrate Judge


September 15, 2011

cc:  Richard Coleman, pro se

LBM:nmd